IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BERNARD I. SILVER,                                    Case No.

    Plaintiff,

v.                                                    **JURY TRIAL DEMANDED**

P.N. FINANCIAL, INC.,

    Defendant.
_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

### I.  Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (hereinafter "FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §§ 559.55-559.785 (hereinafter "FCCPA"). These laws prevent debt collectors and persons, respectively, from, *inter alia*, engaging in abusive, deceptive, harassing, and unfair collection practices.

### II.  Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, and 1367.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### III.  Parties

4. Plaintiff, Bernard I. Silver (hereafter "Plaintiff"), is an individual who resides in the City of Tampa, County of Hillsborough, State of Florida, and is a "consumer" as that term is

defined by 15 U.S.C. § 1692a(3) and F.S.A. § 559.55(2), and is also a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant, P.N. Financial, Inc. (hereinafter "PNF"), is corporation incorporated under the laws of Illinois and listed in Illinois Corporation File Detail Report Number 64839357; Defendant PNF is a "debt collector," as that term is defined under 15 U.S.C. § 1692a(6) and F.S.A. § 559.55(6), as it regularly collects, or attempts to collect, debts alleged to be due to another, and is also an "out-of-state consumer debt collector," as that term is defined by F.S.A. § 559.55(8), as its business activities in Florida involve both collecting or attempting to collect consumer debt from debtors located in Florida by means of interstate communication originating from outside of this state.

### IV. Factual Allegations

6. Defendant PNF sent a letter to Plaintiff, dated November 24, 2009. *A copy of this letter is attached hereto as exhibit "A."*

7. The letter disclosed that Defendant PNF was attempting to collect a defaulted debt, originally owed to Bank of America.

8. The debt was incurred by Plaintiff for personal, family, or household purposes, and is therefore a "debt" or "consumer debt," as those terms are defined by 15 U.S.C. § 1692a(5) and F.S.A. § 559.55(1).

9. Defendant PNF's letter failed to advise Plaintiff that the communication was from a debt collector and any information obtained from Plaintiff would be used for that purpose; such a statement is required by the FDCPA.

<u>False and Misleading Threat to File a Lawsuit</u>

10. The November 24 letter stated, "Since you have not made payment **we have turned your account over to our attorneys and instructed them to commence suit without further delay.**" [Emphasis via bolding <u>not</u> added and was originally contained in Defendant's letter; *see exhibit "A"*].

11. Defendant PNF's letter gave Plaintiff until December 11, 2009 to "accept [Defendant PNF's] terms and conditions," otherwise "the above judgment amount will be due in full." *See exhibit "A."*

12. Plaintiff did not make arrangements with Defendant PNF to pay the debt, nor did Plaintiff accept Defendant PNF's "terms and conditions" by December 11, 2009.

13. To date, a lawsuit has not been filed against Plaintiff in an attempt to collect this debt.

14. Moreover, Defendant PNF sent two letters to Plaintiff following the initial November 24 letter; one dated May 26, 2010 and one dated June 29, 2010. *Copies of these letters are attached to this complaint as exhibits "B" and "C," respectively.*

15. In both letters subsequently sent after the November 24, 2009 letter, Defendant PNF attempted to settle the debt owed by Plaintiff by offering discounted settlement amounts, if Plaintiff opted to pay-in-full. *See exhibits "B" and "C."*

16. Defendant's failure to actually file a lawsuit, as well as Defendant's offers to settle the debt despite Plaintiff's failure to accept Defendant's "terms and conditions," evinces Defendant's lack of intent to file a lawsuit, at the time the threat was made.

17. The threat of Defendant PNF to take an action that it had no intention of taking was violative of the FDCPA.

18. Violative of the FDCPA, Defendant's false threat to "commence suit" was deceptive in that its use is designed to lead Plaintiff to believe that litigation would be initiated against Plaintiff if he did not make payment arrangements with Defendant PNF.

<u>False, Misleading and Deceptive Representations Contained in Letter</u>

19. Contained in the November 24, 2009 letter were several false or misleading representations, the use of which, it is alleged, were implemented in an effort to deceive Plaintiff; the deceptive representations include the following:

    a. use of the phrase, "Docket Number: 153052-FL-0142;"

    b. use of the caption, " ***FINAL NOTICE OF JUDGMENT***;"

    c. use of the phrase, "Judgment Amount: $9,844.19; and

    d. Defendant's language at the end of the last paragraph advising Plaintiff to ignore any "Notice to appears" which he may have been "summoned" with.

20. Defendant's identification of the alleged balance owed as a "judgment amount," when no such judgment has been obtained by Defendant or the original creditor, Bank of America, was violative of the FDCPA.

21. Defendant's false identification and usage of a "docket number," when there is, in fact, no pending lawsuit, was violative of the FDCPA.

<u>Deceptive Signature Block Containing Name of an Attorney</u>

22. The November 24, 2009 letter contains a signature block at the bottom of the letter which contains the name, "John T. Sullivan, PC, Attorney at Law."

23. Upon information and belief, it is alleged that John T. Sullivan is not an attorney who is licensed to practice law in the states of Illinois or Florida.

24. Upon information and belief, it is alleged that John T. Sullivan, PC is not a registered professional corporation.

25. Upon information and belief, it is alleged that there is no attorney associated with Defendant PNF by the name of John T. Sullivan.

26. The allegedly-false signature block containing an attorney's name at the bottom of the letter was deceptive, and is a violation of both the FDCPA and FCCPA.

27. Violative of the FCCPA, the false representations and threats contained in Defendant PNF's letter were reasonably expected to abuse or harass Plaintiff.

## V. Claims for Relief

### First Claim for Relief
### FDCPA Violation
### Bernard I. Silver v. P.N. Financial, Inc.

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 27.

28. Defendant's actions were performed with the intent to coerce Plaintiff into paying a defaulted consumer debt.

29. All acts or omissions of the employees/agents of Defendant PNF were performed within the scope of their respective employment/agency with Defendant, thus subjecting Defendant PNF to vicarious liability for these acts under the doctrine of respondeat superior.

30. The foregoing acts and omissions of Defendant and its employees/agents constitute numerous and several violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(3), 1692e(4), 1692e(5), 1692e(10), 1692e(11), and 1692e(13).

31. As a result of the above violations of the FDCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FDCPA, and recovery for actual damages, statutory damages, and attorney's fees and costs.

### Second Claim for Relief
### FCCPA Violation
### Bernard I. Silver v. P.N. Financial, Inc.

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 27.

32. Defendant's actions were performed with the intent to coerce Plaintiff into paying a defaulted consumer debt.

33. All acts or omissions of the employees/agents of Defendant PNF were performed within the scope of their respective employment/agency with Defendant, thus subjecting Defendant PNF to vicarious liability for these acts under the doctrine of respondeat superior.

34. The foregoing acts and omissions of Defendant and its employees/agents constitute violations of the FCCPA, including, but not limited to, F.S.A. §§ 559.72(7), 559.72(9), 559.72(10), and 559.72(11).

35. As a result of Defendant's violation of the FCCPA, Plaintiff is entitled to an adjudication that Defendant's conduct violated the FCCPA, and recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

### VI. Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment against Defendant for the following:

    a. Declaratory judgment that Defendant's acts constituted violations of the FDCPA and FCCPA;

b. Actual damages, pursuant to 15 U.S.C. § 1692k(1) and F.S.A. § 559.77(2);

c. Statutory damages, pursuant to 15 U.S.C. § 1692k(2)(A) and F.S.A. § 559.77(2);

d. Punitive damages, pursuant to F.S.A. § 559.77(2);

e. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(3) and F.S.A. § 559.77(2); and

f. Such other and further relief as may be just and proper.

Respectfully submitted, this 30th day of July, 2010.

/s/ G. Donald Golden
G. DONALD GOLDEN, ESQUIRE
Florida Bar No. 0137080
don@brandonlawyer.com
JOSEPH B. BATTAGLIA, ESQUIRE
Florida Bar No. 0058199
joe@brandonlawyer.com
THE GOLDEN LAW GROUP
808 Oakfield Drive, Ste. A
Brandon, Florida 33511
Telephone: (813) 413-8700
Facsimile:  (813) 413-8701
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

/s/ G. Donald Golden
G. DONALD GOLDEN, ESQUIRE